# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                      **CRIMINAL ACTION**

**VERSUS**                                                   **No. 20-80**

**MARVEL FRANCOIS**                            **SECTION I**

## ORDER

Before the Court is the government's unopposed motion,[1] pursuant to Federal Rule of Criminal Procedure 36, to amend the judgment in the above-captioned case. The government requests that the Court amend the judgment to correct the amount of restitution and to add certain individuals as joint and several obligors as to the defendant's sentence of restitution. The government states that the proposed amendment "is requested solely so that the final judgment in this matter will conform with the judgments rendered [as to other defendants] in this matter and [related E.D. La. criminal] matter number 22-22."[2] The government further states that the motion is necessary because a victim in this matter corrected its loss amount subsequent to the defendant's sentencing, and because the individuals sought to be added as joint and several obligors "were erroneously omitted from the list of conspirators held jointly and severally liable with" the defendant.[3]

Title 18, U.S. Code, Section 3664(o) provides that "[a] sentence that imposes an order of restitution is a final judgment[.]" The statute further provides that a

---

[1] R. Doc. No. 636.
[2] R. Doc. No. 636-1, at 1.
[3] *Id.* at 2.

sentence of restitution may nevertheless be corrected under certain circumstances not applicable here. 18 U.S.C. § 3664(o)(1)(A)–(D). However, Rule 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Though § 3664(o) does not explicitly state that an order of restitution may be amended pursuant to Rule 36, the Fifth Circuit has held that "correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment" and that corrected judgments that altered restitution orders but "did not increase the amount of restitution" owed were appropriately made pursuant to Rule 36. *United States v. Crawley*, 463 F. App'x 418, 421–22 (5th Cir, 2012); *accord United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004) ("The Rule 36 order did not fundamentally alter Portillo's sentence, because it did not increase the restitution amount initially imposed at sentencing. The order merely changed the payees from the [uninjured party] to the six [victims] who were directly injured by Portillo's crime.").

Because the proposed modification to the judgment does not increase the amount of restitution owed and merely ensures that the judgment in this matter accords with those of other defendants, the Court finds that the instant motion is properly made pursuant to Rule 36. *Crawley*, 463 F. App'x at 421–22. Further, because the government has contacted the defendant's counsel and obtained a statement of consent to the instant motion, the Court finds that appropriate notice

has been given. Fed. R. Crim. P. 36; *see also United States v. Whaley*, No. 10-169, 2011 WL 3843699, at *2 (E.D. Tenn. Aug. 26, 2011) (granting government's Rule 36 motion and noting that the motion was unopposed).  Accordingly,

**IT IS ORDERED** that the motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Judgment[4] as to the above-captioned defendant be amended to reflect that the amount owed to victim Gallagher Basset Services is $9,408.48.[5]

**IT IS FURTHER ORDERED** that the Judgment as to the above-captioned defendant be amended to reflect that the above-captioned defendant is jointly and severally liable with, in addition to those already named, Stacie Wheaten for payment to victims National Union Fire Insurance Company and Financial Indemnity Company.

**IT IS FURTHER ORDERED** that Marvel Francois, who is jointly and severally liable for the amount owed to National Union Fire Insurance Company and Financial Indemnity Company with Henry Randle, Ryan Wheaten, Troy Smith, Bernell Gale, Dakota Diggs, Stacie Wheaten, Florence Randle, Damien Labeaud, and Danny Patrick Keating, shall make restitution to the above victims, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable injuries.

---

[4] R. Doc. No. 591.
[5] The original judgment stated that the amount owed to this victim was $9,654.48.

New Orleans, Louisiana, July 5, 2023.

                                            **LANCE M. AFRICK**
                               **UNITED STATES DISTRICT JUDGE**

4